IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JODECI WILLIAMSON,** *Individually,*
*and on behalf of himself and others*
*similarly situated,*

Plaintiff,

v.

**CONTEMPORARY SERVICES**
**CORPORATION,**

Defendant.

Case No. _____

**FLSA** Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Jodeci Williamson ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former hourly-paid security guards, files this Original Collective Action Complaint. This case is brought as a collective action against Contemporary Services Corporation ("Defendant") and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, unpaid straight time wages and unpaid overtime compensation, and other damages for Plaintiff and other similarly situated current and former security guards.

2. Plaintiff alleges Defendant failed to "record-into" or "edit-out" of its pay system compensable time performed by him and similarly situated security guards in order to save labor costs and increase its profits.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendant in this District during all times relevant to this action. In addition, Defendant regularly conducted and continues to conduct business in this District and has engaged and continues to engage in wrongful conduct alleged herein in this District during all material times to this cause.

## III. CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid security guards who were employed by Defendant at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.,* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. PARTIES

6. Defendant is a California Corporation with its principal offices located at 17101 Superior Street, Northridge, California 91325. Defendant's registered agent for process is: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7. Plaintiff, Jodeci Williamson, was employed by Defendant as an hourly-paid security guard within this District during the relevant period herein. (Plaintiff Williamson's Consent to Join this Collective Action is attached hereto as Exhibit A.)

## V. ALLEGATIONS

8. Defendant provides security and protection services for sports and entertainment events out of its some 48 branches throughout the United States. (Plaintiff worked as an hourly-paid security guard out of Defendant's Memphis, Tennessee Branch during all times material herein.)

9. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

10. Plaintiff and all other similarly situated persons are current or former hourly-paid security guards (hereinafter "class members") of Defendant.

11. Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

12. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

13. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

14. Defendant employed Plaintiff and class members and was responsible for establishing and administering pay policies and practices related to them during all times relevant to this original Collective Action Complaint.

15. Plaintiff and class members worked out of Defendant's Branch offices within weekly pay periods during all times material herein.

16. Plaintiff and class members worked more than 40 hours per week for Defendant within weekly pay periods during all times material to this action.

17. Plaintiff and class members worked on one-day special assignments to cities outside their respective Branch offices within weekly pay periods during all times material - which entailed the following:

    (a) Plaintiff and class members would meet at their respective Branch offices at the beginning of their one-day special assignment to another city.

    (b) They then would load their work-related equipment and supplies into a Defendant's van or other vehicles – which loading process constituted their first principal work activity for each such work day.

    (c) They then would ride in Defendant's van (or other vehicles) to the respective distant city and, upon arrival, unload their work-related equipment and supplies and begin their security duties for the day.

    (d) At the end of their security duties for each such work day in a distant city they then would load their work-related equipment and supplies into a Defendant's van (or other vehicles) and ride in the vehicle back to their respective Branch offices.

    (e) After arriving back at their respective Branch offices, they then would unload their work-related equipment and supplies from the van (or other vehicles) – which unloading process constituted their last principal work activity for such work day.

18. Defendant had a common plan and policy of paying Plaintiff and class members only for the time they performed security services for Defendant at each such distant city.

19. Consequently, Defendant failed to pay Plaintiff and class members from the time of their first principal activity of loading their work-related equipment and supplies into Defendant's van (or other vehicles) to the time they commenced performing security services at such distant cities - at the applicable FLSA minimum wage, straight time wage and overtime compensation rates of pay within weekly pay periods during all times material to this action.

20. Defendant likewise failed to pay Plaintiff and class members from the time they completed their security services at such distant cities to their last principal activity of unloading Defendant's van (or other vehicles) upon their return to their respective branch offices - at the applicable FLSA minimum wage, straight time wage and overtime compensation rates of pay within weekly pay periods during all times material to this action.

21. Also, Defendant failed to pay Plaintiff and class members for their travel time to and from such distant cities at the applicable FLSA straight-time rates of pay within weekly pay periods during all times material to this action. (See 29 CFR § 785.37.)

22. Even though Defendant had a plan and policy of paying Plaintiff and class members only for their security work time while on a one-day special assignment to a distant city, it did not always pay for all such work time at the applicable minimum wage, straight time wage and overtime rates of pay within weekly pay periods during all times material.

23. For example, within three years, preceding the filing of this Complaint, Defendant only paid Plaintiff 2 hours of pay for security work time on a one-day special assignment trip to a distant city during which day he worked far in excess of two hours performing security work - and 13 hours of compensable time altogether for the day, when counting all work

and travel time. (On information and belief, class members likewise were not paid for all their security work time when working in distant cities on one-day special assignments.)

24. All such travel and work time of Plaintiff and class members were on behalf of and for the sole benefit of Defendant.

25. Defendant's failure to pay Plaintiff and class members all the minimum wage, straight time wage, and overtime compensation rates of pay due them violated the FLSA.

26. The unpaid minimum wage, straight-time wage, and overtime compensation claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

27. Defendant's violations were willful with reckless disregard for established FLSA principles.

28. Defendant's violations were without a good faith basis.

29. The net effect of Defendant's common plan and practice of failing to pay Plaintiff and class members for all the compensable pay owed them was to save it payroll costs and payroll taxes and to enjoy ill-gained profits at the expense of Plaintiff and class members.

30. Plaintiff and class members are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other costs, fees, and expenses from Defendant.

## VI.   COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

32. The claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

33. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through discovery, he believes there are hundreds of individuals in the class.

34. The claims of Plaintiff are typical of the claims of the class. Plaintiff and class members work or have worked for Defendant during all times material and were subject to the same operational, compensation, and time-keeping policies and practices, including not being paid for all their wages and overtime compensation, as previously described.

35. Plaintiff and class members also are similarly situated because their unpaid wage, straight-time wage, and overtime compensation claims are unified through common theories of Defendant's FLSA statutory violations.

36. Common questions of law and fact exist as to the class which predominates over any questions only affecting other members of the class individually.

37. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with the other members of the class. Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who is experienced in collective action litigation.

38. The FLSA collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

39. Plaintiff and class members have suffered and will continue to suffer irreparable damage from the unlawful plans and practices of Defendant, as previously described.

## COUNT I
## FLSA VIOLATIONS – UNPAID COMPENSATION
### (On Behalf of the Class)

40. Plaintiff, on behalf of himself and class members, repeats and re-alleges Paragraphs 1 through 39 above as if they were set forth herein.

41. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all times relevant herein, Defendant has employed and/or continues to employ Plaintiff and class members within the meaning of the FLSA.

43. At all times relevant herein, Defendant has had a common plan and practice of failing to pay Plaintiff and class members for all their compensable work and travel time at the applicable FLSA minimum wage, straight-time wage, and overtime compensation rates of pay within weekly pay periods, as previously described.

44. At all times relevant herein, Defendant has had actual knowledge of failing to pay Plaintiff and class members for all hours worked and travel time at the applicable FLSA minimum wage, straight-time wage, and overtime compensation rates of pay within weekly pay periods.

45. Defendant's violations were willful with reckless disregard to established FLSA principles.

46. Defendant's violations are without a good faith basis.

47. Due to Defendant's willful violations and, lack of a good faith basis, Plaintiff and class members are entitled to recover from Defendant unpaid wages, as previously described, and an additional equal amount as liquidated damages, as well as interest, reasonable

attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA.

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the class, requests this Court to grant the following relief against Defendant:

A. An award of compensation for unpaid wages, straight time wages and overtime compensation to Plaintiff and class members at the applicable FLSA rates of pay.

B. An award of liquidated damages to Plaintiff and class members;

C. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and class members;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

E. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

F. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  March 23, 2023　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Gordon Jackson*
　　　　　　　　　　　　　　　　　　　　Gordon E. Jackson (TN BPR # 008323)
　　　　　　　　　　　　　　　　　　　　J. Russ Bryant (TN BPR #33830)
　　　　　　　　　　　　　　　　　　　　**JACKSON SHIELDS YEISER HOLT**
　　　　　　　　　　　　　　　　　　　　**OWEN & BRYANT**
　　　　　　　　　　　　　　　　　　　　Attorneys at Law
　　　　　　　　　　　　　　　　　　　　262 German Oak Drive
　　　　　　　　　　　　　　　　　　　　Memphis, Tennessee 38018
　　　　　　　　　　　　　　　　　　　　Telephone: (901) 754-8001
　　　　　　　　　　　　　　　　　　　　Facsimile: (901) 754-8524
　　　　　　　　　　　　　　　　　　　　*gjackson@jsyc.com*
　　　　　　　　　　　　　　　　　　　　*rbryant@jsyc.com*

　　　　　　　　　　　　　　　　　　　　*Attorneys for Named Plaintiffs, on behalf of*
　　　　　　　　　　　　　　　　　　　　*themselves and all other similarly situated current*
　　　　　　　　　　　　　　　　　　　　*and former employees*